ABEL PARKER *vs.* JOSEPH RUGG.

A judgment rendered twenty years ago, and recently made up by permission of the court, may be allowed to be set off in an action commenced many years after that judgment and before the completion of the record.

ACTION OF CONTRACT, commenced at September term 1835 of the court of common pleas, on a judgment recovered by Parker against Rugg at December term 1835 of that court for damages and costs.

At that same term judgment was rendered against Parker by default in an action brought against him by Rugg on two promissory notes; but, by reason of Rugg's omission to furnish the clerk with the necessary papers, the record of that judgment was not completed until December term 1855, when the court of common pleas, upon a petition presented at September term next preceding, ordered it to be completed. To that order Parker alleged exceptions, which were overruled by this court at October term 1856, (7 Gray, 172,) and the case remitted to the court of common pleas, where the record of that judgment was then made up pursuant to its order. On the day of the passage of that order, in December 1855, that court had allowed Rugg, against Parker's objection, to file a declaration in set-off in this action, founded on that judgment. No part of either judgment has ever been paid. The parties submitted to the decision of the court of common pleas, and, by appeal, to this court, the question whether upon these facts the judgment against Parker could be filed in set-off.

*S. A. Brown,* for the plaintiff. No demand can be filed in set-off, which is not a subsisting debt due at the time of the commencement of the action. Rev. Sts. *c.* 96, § 4. *Varney* v. *Brewster,* 14 N. H. 49. *Carpenter* v. *Butterfield,* 3 Johns. Cas. 145. *Jefferson County Bank* v. *Chapman,* 19 Johns. 322. The right of set-off rests only on statutes, and is not to be extended beyond their words. At the time of the commencement of this action, the defendant had no claim on which he could have brought a suit; and whether he ever would have any depended upon the discretion of the court.

If the defendant can be allowed to file his judgment in set-off, it must be upon the ground that after the order for the completion of the record the judgment is to be considered as in all respects of the term at which it was originally rendered. And thus the party who obtained it might file it in set-off, and yet the adverse party, if six years elapsed before the completion of the record, have no opportunity to sue out a writ of error. Rev Sts. *c.* 112, § 19.

*E. A. Kelly,* for the defendant.

BIGELOW, J. The court of common pleas, in ordering the record of the judgment of Rugg against Parker to be made up, rendered no new judgment, but only perfected the evidence of the judgment rendered at December term 1836. That judgment was therefore in existence at the time of the commencement of this action, and so a proper matter of set-off.

*Exceptions overruled*